(45 Misc. 413)

## HAYES, Com'r, v. BRENNAN.

(Supreme Court, Appellate Term. November 10, 1904.)

1. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—PRECAUTIONS—EQUIPMENT OF BUILDINGS—ORDERS—DEFINITENESS.

Greater New York Charter (Laws 1897, p. 263, c. 378, § 762) provides that the owners and proprietors of all manufactories, hotels, etc., shall provide means of communicating alarms of fire, etc., to the police and fire departments, respectively. *Held*, that a fire commissioner's order directing defendant, a hotel proprietor, to adopt "direct means" for communicating

alarms of fire from his premises, etc., without specifying the means to be adopted, was insufficient to enable the commissioner to recover a penalty prescribed for failure to comply with such orders.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Nicholas J. Hayes, as fire commissioner of the city of New York, against Pierce Brennan. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

John A. Straley, for appellant.
Herman Stiefel, for respondent.

BISCHOFF, J. By this judgment the defendant has been charged with liability for a penalty by reason of his failure to obey an order of the fire commissioner requiring him to provide in his hotel "direct means of communicating alarms of fire from said premises" to fire department headquarters; the power of the commissioner to make the order being such as is given by section 762 of the charter (Laws 1897, p. 263, c. 378). As material, the section reads:

"The owners and proprietors of all manufactories, hotels, tenement houses, * * * office buidings, * * * warehouses, * * * theatres and music halls, and the authorities or persons having charge of all hospitals and asylums and of the public schools, * * * churches and other places where large numbers of persons are congregated for purposes of worship, instruction or amusement, shall provide such means of communicating alarms of fire, accident or danger, to the police and. fire departments, respectively, as the fire commissioner or police board may direct."

Whether the justice correctly excluded proof offered by the defendant to show the unreasonableness of the order, as applied to the defendant's hotel, is not material, as we view the case. Possibly the general description of places "where large numbers of persons are congregated for purposes of worship, instruction or amusement" might be deemed to apply to a hotel where they would not fit a warehouse or an office building; hence the Legislature might be said to have deemed the latter kind of buildings the proper subject of such an order, by reason of their very nature, while the propriety of the order in the case of a hotel would depend upon the number of persons who sought amusement, or possibly instruction, upon the premises. To exclude the question of reasonableness in this case would involve the proposition that a hotel, per se, cannot be amusing to very many people; but we are not called upon to decide the question, since, in any event, the order given by the plaintiff was not sufficiently definite to be enforced. The power of the commissioner was limited to the making of an order which should direct the means of communicating alarms, and, to support a case for a penalty, the means directed should be apparent. Here the order left it to the defendant to say what means he was to adopt, aided by his own idea of the commissioner's understanding of "direct means"— whether the maintenance of a swift runner to carry the alarm, or the installation of an electric device operated by heat from the conflagration, and designed to give a signal within the department's headquar-

ters. Either means would be "direct," in accordance with the extent to which the term was to be limited by the department's understanding of what was an indirect fire alarm, but the "means of communicating" the alarm was thus left wholly to conjecture, so far as the defendant was concerned. The order was not made in compliance with the reasonable meaning of the statute, and the failure to comply with it was no violation such as could support an action for the statutory penalty.

Judgment reversed, with costs, and complaint dismissed. All concur.